**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: August 2, 2019
Date Decided: August 9, 2019

Jody C. Barillare, Esquire
Morgan Lewis & Brockius LLP
Nemours Building
1007 Orange Street, Suite 501
Wilmington, DE 19801

John P. DiTomo, Esquire
Elizabeth A. Mullin, Esquire
Aubrey J. Morin, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Gregory P. Williams, Esquire
Steven J. Fineman, Esquire
Nicole K. Pedi, Esquire
Angela Lam, Esquire
Richards Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801

Re: *Maverick Therapeutics, Inc. v. Harpoon Therapeutics, Inc.*,
C.A. No. 2019-0002-SG

Dear Counsel:

This Letter Opinion relates to a discovery dispute between the parties concerning attorney-client privilege. The maintenance of that privilege is fundamental to our adversarial system of law. Without the privilege, candid communication between client and counsel for purposes of representation would be impossible. The privilege, however, comes at a price. It impedes the search for truth that is the entire basis for the forensic system of justice in which attorneys operate.

Therefore, it is fair to say that the privilege must be rigorously upheld, but only in the concise sphere within which it is indispensable.

Here, Plaintiff Maverick Therapeutics, Inc. ("Maverick") and Intervenor-Plaintiff Millennium Pharmaceutical, Inc. ("Millennium") seek production of certain material and communications with Dr. Greg Sieczkiewicz. Dr. Sieczkiewicz is Chief IP Counsel for MPM Capital, Inc. ("MPM"), a private equity firm that has invested in Defendant Harpoon Therapeutics, Inc. ("Harpoon").[1] Dr. Sieczkiewicz is apparently also a lawyer. Harpoon has withheld the requested discovery on the basis of attorney-client privilege.

In a July 26, 2019 teleconference regarding discovery disputes, I directed Harpoon to provide further evidence of its attorney-client relationship with Dr. Sieczkiewicz, which Harpoon had asserted generally. In response, on July 30, 2019, Harpoon filed a supplemental submission, accompanied by two affidavits, from Lilia R. Lopez, a California attorney admitted to Delaware *pro hac vice*, who represents Harpoon in this action, and from Dr. Gerald McMahon, Harpoon's President and CEO.[2] The supplemental submission was also accompanied by an unsworn statement from Dr. Patrick Baeuerle, an Executive Partner at MPM.[3]

---

[1] Docket Item [hereinafter, D.I.] 196, at ¶ 3.
[2] D.I. 196; D.I. 198; D.I. 199.
[3] D.I. 197.

Maverick and Harpoon each submit that California law governs whether an attorney-client relationship exists here.[4]  Under California law, "an attorney-client relationship is not created by the unilateral declaration of one party to the relationship."[5]  A relationship may only be created by express or implied contract.[6]  In considering whether an implied contract exists, a court must look to the totality of the circumstances to determine whether an attorney-client relationship was, in fact, created.[7]  No express contract of representation between Harpoon and Sieczkiewicz exists.  Accordingly, the material relating to Dr. Sieczkiewicz must be produced unless Harpoon, as the party asserting privilege, can satisfy its burden of proof that it reasonably believed Dr. Sieczkiewicz to be its attorney, pursuant to an implied contract of representation.  I permitted the Harpoon to submit additional evidence showing that it has an attorney-client relationship with Dr. Sieczkiewicz, who works for another entity.  The information provided, to my mind, does not establish an attorney-client relationship.

Theoretically, Dr. Sieczkiewicz commented on Harpoon's patent applications, but nothing demonstrates to me that his comments were legal in nature.[8]  It is telling that none of the affidavits provide statements of individuals

---

[4] D.I. 188, at 3 n.2; D.I. 196, at 4 n.3.
[5] *Koo v. Rubio's Restaurants, Inc.*, Cal. Rptr. 2d 415, 423 (Cal. Ct. App. 2003).
[6] *Id.*
[7] *See Responsible Citizens v. Superior Court*, 20 Cal. Rptr. 2d 756, 766 (Cal. Ct. App. 1993).
[8] While Dr. Sieczkiewicz is purportedly a lawyer, and while he may provide MPM with valuable insight on the law, his position with MPM as Chief IP Officer is not an obviously legal role.

associated with Harpoon averring that they believed Dr. Sieczkiewicz to be Harpoon's lawyer. Dr. McMahon's affidavit is tautological; it contains the following language: "It was and remains my understanding that the communications with Dr. Sieczkiewicz . . . were attorney-client privileged."[9] Similarly, Dr. Baeuerle states that he "consider[s] all of those communications [with Dr. Sieczkiewicz] . . . to be Harpoon attorney-client privileged."[10] Under California law, such a unilateral declaration is insufficient to establish privilege.[11]

Harpoon also points out that Dr. Sieczkiewicz titled one e-mail chain "Harpoon privileged communication," and argues that this demonstrates that an attorney-client relationship was created. I note that merely labeling a communication as "privileged" does not make it so. Further, nothing about Dr. Sieczkiewicz's privilege label indicates that he believed the e-mail communication to be privileged on attorney-client grounds, as opposed to some other ground—for instance, because it contained trade secret information to which Dr. Sieczkiewicz and other employees of MPM, who were copied on the e-mail exchange, were privy. Harpoon has failed to produce evidence of an attorney-client relationship sufficient to meet its burden of proving such a relationship existed. Therefore, the documents Maverick and Millennium seek are discoverable.

---

[9] D.I. 199, at ¶ 6.
[10] D.I. 197, at ¶ 5.
[11] *See, e.g.*, *Fox v. Pollack*, 181 Cal. Rptr. 532, 535 (Cal. Ct. App. 1986).

4

To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III